# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON IVIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-0005-M |
| ) | |
| JIM MULLET, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT & RECOMMENDATION

On January 4, 2016, Plaintiff, appearing pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while in Defendants' custody at the Garvin County Jail in Pauls Valley, Oklahoma. United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Contrary to Local Civil Rules 3.2 and 3.3, Plaintiff neither paid the required filing fee nor submitted an application for leave to proceed in forma pauperis at the time he filed his complaint in this action. Consequently, the Court directed Plaintiff by Order [Doc. No. 4] to cure said deficiencies on or before February 2, 2016. The Court advised Plaintiff that failure to either timely pay the filing fee or submit an application for leave to proceed in forma pauperis could result in dismissal of this action without prejudice to refiling. [Doc. No. 4].

In response, Plaintiff filed an Application for Leave to Proceed in Forma Pauperis and supporting documentation [Doc. No. 5] on January 21, 2016. By Order dated January 25, 2016, this Court granted the motion but informed Plaintiff "if he does not desire the collection of the full filing fee . . . he may voluntarily dismiss this action . . . on or before the 15th day of February, 2016, without incurring any fees or costs." [Doc. No. 6].

On February 1, 2016, two weeks prior to the deadline set for voluntary dismissal by Plaintiff, Defendants filed a Notice [Doc. No. 8] informing the Court that Plaintiff was released from the Garvin County Jail on January 22, 2016, and that they would therefore be unable to collect filing-fee payments from Plaintiff's jail account, this despite the fact that this Court had yet to issue an order directing Defendants to do so. *Id.*

The February 15, 2016, deadline for voluntarily dismissal has since passed with Plaintiff having neither paid the filing fee nor dismissed the lawsuit. In addition, Plaintiff, who is no longer in Defendants' custody, has failed to notify the Court of his change of address as required by LCvR 5.4(a).

## RECOMMENDATION

For these reasons, the undersigned recommends Plaintiff's action be dismissed without prejudice under LCvR 3.4(a) for failure to comply with the requirements of 28 U.S.C. § 1915(b).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by the 11th day of March, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 18th day of February, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE